UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE ANYAECHE, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:20-cv-05997 |
| ATLANTIC RECOVERY SOLUTIONS, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## **COMPLAINT**

**NOW COMES** Stephanie Anyaeche ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Atlantic Recovery Solutions, LLC ("ARS" or "Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

6. Defendant ARS is a New York corporation located at 33 Dodge Road, Suite 108, Getzville, New York 14068 and its Illinois registered agent is Registered Agents Inc. located at 1900 East Golf Road, Suite 950A, Schaumburg, Illinois 60173. ARS is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Illinois.

**FACTS SUPPORTING CAUSE OF ACTION**

7. In October 2020, Plaintiff began receiving calls to her cellular phone from ARS seeking to collect an alleged debt ("subject debt").

8. Prior to the contacts, Plaintiff had no relationship with or knowledge of Defendant.

9. Plaintiff *never* provided her cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.[1]

10. On October 5, 2020, Plaintiff missed a phone call placed to her cellular phone by ARS.

11. To Plaintiff's shock, she was informed by her sister that ARS placed a call to her and left a voice mail message.

12. Plaintiff's sister was called by ARS only moments after Plaintiff had missed ARS's call.

13. To Plaintiff's dismay, ARS stated in the voice mail message recording that it was seeking to collect a debt from Plaintiff, with actual knowledge that Defendant was calling Plaintiff's sister.

---

[1] Upon information and belief, Defendant obtained Plaintiff's cellular telephone number from a credit report in which Defendant accessed through a method known as "skip-tracing," whereby debt collectors obtain phone numbers by conducting inquiries upon consumer credit reports or other public record searches.

14. ARS acted intentionally when it contacted Plaintiff's sister and disclosed that it was collecting a debt from plaintiff in a blatant attempt to harass and abuse Plaintiff.

15. ARS intended to shame Plaintiff into paying the subject debt by contacting her sister and disclosing the alleged debt.

16. Defendant's harassing conduct has severely disrupted Plaintiff's general well-being as Plaintiff now feels humiliated that her financial privacy has been exposed.

17. Plaintiff now fears that ARS will continue to contact other relatives, further causing more undue embarrassment.

18. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further harassment in the future, thus incurring costs and expenses.

**COUNT I – DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

19. Plaintiff restates and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

21. Upon information and belief, the subject debt that Defendants were attempting to collect arose primarily for family, personal or household purposes, and thus is an alleged "consumer debt" as defined by FDCPA §1692a(5).

22. ARS is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

23. ARS used the telephone to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

24. ARS violated 15 U.S.C. §§1692b(2), c(b), d, e, and f through its unlawful collection practices.

3

### a. Violations of FDCPA §1692b

25. The FDCPA, pursuant to 15 U.S.C. §1692b(2), prohibits a debt collector from contacting a third party and stating that a consumer owes any debt.

26. Defendant violated §1692b(2) when it called Plaintiff's sister and left at least one voice mail message on her phone disclosing the existence of the alleged subject debt.

### b. Violations of FDCPA §1692c

27. The FDCPA, pursuant to 15 U.S.C. §1692c(b), prohibits a debt collector from contacting a third party and stating that a consumer owes any debt.

28. Defendant violated §1692c(b) when it contacted Plaintiff's sister in regards to the subject debt that was allegedly owed by Plaintiff.

### c. Violation of FDCPA §1692d

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

30. Defendant violated §1692d when it called and left a confidential voice mail message for Plaintiff's sister seeking payment on the subject debt. Defendant was simply trying to humiliate and harass Plaintiff into paying the alleged subject debt immediately.

### d. Violation of FDCPA §1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using any false, deceptive, or misleading representation in connection with the collection of any debt.

32. Defendant violated §1692e by employing deceptive means in undermining Plaintiff's rights as a consumer and contacting her sister to disclose private information regarding Plaintiff's personal financial situation.

### e. Violation of FDCPA §1692f

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using unfair or unconscionable means to collect any debt.

34. Defendant violated §1692f by employing unfair and unconscionable means in its attempts to collect the alleged subject debt from Plaintiff.

35. Specifically, Defendant contacted Plaintiff's sister and disclosed private information about the alleged subject debt. Defendant placed the call to Plaintiff's sister with knowledge that its actions would coerce action from Plaintiff. Defendant's unconscionable conduct was employed in order to humiliate Plaintiff so she would make an immediate payment on the subject debt.

36. Upon information and belief, Defendant systematically attempts to collect alleged debts through harassing conduct and have no procedures in place to assure compliance with the FDCPA.

37. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through deceptive means.

38. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff STEPHANIE ANYAECHE requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – DEFENDANT'S VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

39. Plaintiff restates and reallages paragraphs 1 through 38 as through fully set forth herein.

40. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

41. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

42. Defendant's collection activities to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

43. Defendant is engaged in commerce in the State of Illinois with regard to Plaintiff and the subject debt. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

44. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in attempting to induce Plaintiff into paying the subject debt. It was unfair for Defendant to contact Plaintiff's sister and leave a voice mail message revealing the existence of the alleged subject debt. Defendant's conduct only served to harass and intimidate Plaintiff into paying the subject debt.

**a. Unfairness and Deception**

45. It was unfair and deceptive for Defendant to seek to collect the subject debt from Plaintiff through harassment and embarrassment in order to induce her into making a payment toward the subject.

46. It was unfair for Defendant to place a call to Plaintiff's sister with knowledge that it was calling Plaintiff's sister for the sole purpose of bullying Plaintiff into making a payment towards the alleged subject debt.

47. It was deceptive for Defendant to give Plaintiff the impression that its debt collection tactics were proper, moral, and legal when in fact, they were not.

48. Moreover, Defendant's unfair conduct is against public policy because it needlessly subjects consumers to such harassing behavior.

49. Upon information and belief, Defendant systematically engages in such harassing conduct against consumers in Illinois in order to aggressively collect debts in default, or assumed to be in default, to increase their profitability at the consumers' expense.

50. Upon information and belief, administering such harassing actions against Illinois consumers is an unfair business practice willfully employed by Defendant and is done on a large scale.

51. Additionally, Defendant's unlawful and unfair debt collection efforts give them an unfair competitive advantage over businesses that collect debts lawfully.

52. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

53. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to Defendant's harassment.

**WHEREFORE**, Plaintiff STEPHANIE ANYAECHE requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff her punitive damages in an amount to be determined at trial;
d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: October 8, 2020                      **Respectfully Submitted,**

                                                /s/ Marwan R. Daher
                                                /s/ Omar T. Sulaiman
                                                /s/ Alexander J. Taylor
                                                Marwan R. Daher, Esq.
                                                Omar T. Sulaiman, Esq.
                                                Alexander J. Taylor, Esq.
                                                *Counsel for Plaintiff*
                                                Sulaiman Law Group, Ltd
                                                2500 S Highland Ave, Suite 200
                                                Lombard, IL 60148
                                                Telephone: (630) 575-8181
                                                mdaher@sulaimanlaw.com
                                                osulaiman@sulaimanlaw.com
                                                ataylor@sulaimanlaw.com